IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| MICHAEL PRESTON, #1552523 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv630 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Michael Preston, an inmate confined in the Texas prison system, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Facts of the Case

The Petitioner is confined pursuant to Lamar County convictions for delivery of a controlled substance, namely: cocaine of more than one gram but less than four grams in a drug free zone, and possession with intent to deliver a controlled substance, namely: cocaine of more than four grams but less than two hundred grams. On January 21, 2009, after pleading guilty pursuant to a plea bargain, he was sentenced to eighteen years of imprisonment for both offenses, with the sentences running concurrently. He did not appeal the conviction. One month later, on February 24, 2009, he filed an application for a writ of habeas corpus in state court, which contained two grounds for relief. The Texas Court of Criminal Appeals denied the application without written order on April 15, 2009.

The present petition was filed on November 18, 2009. The Petitioner presented the following grounds for relief:

1. The inclusion of the drug free zone enhancement is an Eighth Amendment violation because it delays his eligibility for parole;

2. The evidence does not support a finding that he was in a drug free zone at the time of the offense;

1

  3.  The Petitioner received ineffective assistance of counsel; and

  4.  The Petitioner had a conflict of interest with counsel.

The Director filed an answer (docket entry #13) on October 29, 2010, along with an advisory (docket entry #15) on February 24, 2011. The Petitioner has not filed a response.

Discussion and Analysis

  The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does "not sit as a super state supreme court to review error under state law." *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983).

  The prospect of federal courts granting habeas corpus relief to state prisoners was severely limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-413 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-1225 (5th Cir. 1997).

  The Director initially correctly noted that the Petitioner exhausted only his first two grounds for relief. He argued that the last two grounds for relief should be dismissed as unexhausted and procedurally barred.

State prisoners bringing petitions for a writ of habeas corpus are required to exhaust state remedies before proceeding in federal court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective. 28 U.S.C. § 2254(b)(1). In order to exhaust properly, a state prisoner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981). This means that a petitioner must have informed the state court system of the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id.* at 276-77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 413 F.3d 484, 491 (5th Cir. 2005) (internal quotation marks and citations omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4 (1982). Rather, the petitioner must have presented the substance of his federal constitutional claim to the state courts. *Id.; Picard*, 404 U.S. at 513. The state court must have been apprised of all of the facts and legal theories upon which the petitioner bases his assertions. *Picard v. Connor*, *supra*; *Dispensa v. Lynaugh*, 847 F.2d at 217; *Rodriguez v. McKaskle*, 724 F.2d 463 (5th Cir.), *cert. denied*, 469 U.S. 1039 (1984). Where a petitioner makes the same legal claim to a federal court which he presented to the state courts, but supports that claim with factual allegations which he did not make to the state courts, he has failed to satisfy the exhaustion requirement. *Rodriguez, supra; Burns v. Estelle,* 695 F.2d 847, 849 (5th Cir. 1983). In Texas, all claims must be presented to and ruled on by the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). When a petition includes claims that have been exhausted along with claims that have not been exhausted, it is called a "mixed petition," and historically federal courts in Texas have dismissed the entire petition for failure to exhaust. *Galtieri v. Wainwright*, 582 F.2d 348, 355 (5th Cir. 1978) (*en banc*).

In recent years, however, unexhausted claims in a mixed petition have been dismissed as procedurally barred. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153 (1995). *See also Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Such unexhausted claims would be procedurally barred because if a petitioner attempted to exhaust them in state court they would be barred by Texas abuse-of-the-writ rules. *Fearance*, 56 F.3d at 642. The procedural bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Fearance*, 56 F.3d at 642.

In the present case, the Petitioner did not exhaust his last two grounds for relief. He did not demonstrate cause and prejudice for the default or that a fundamental miscarriage of justice would result from the Court's refusal to consider the claims. Indeed, he failed to file any response at all to the Director's argument. As such, the last two grounds for relief should be dismissed as unexhausted and procedurally barred.

With respect to the first two grounds for relief, the Director appropriately focused on the fact that the Petitioner pled guilty. He argued that the plea was voluntarily and knowingly entered and that it should be upheld. The Petitioner did not respond to the argument.

Since the Petitioner pled guilty, the starting point in analyzing the petition should begin with the issue of whether the guilty plea was voluntarily made. A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000); *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review. *Deville v. Whitley*, 21 F.3d 654, 656 (5th Cir. 1994). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among alternative courses of action open to a defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). The court must satisfy itself that

the plea is knowing and voluntary. *Deville v. Whiley*, 21 F.3d at 657. The "knowing" requirement that a defendant understands "the consequences" of a guilty plea means only that the defendant understands the maximum prison term and fine for the offense charged. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996). A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984).

In the present case, the Petitioner pled guilty to two offenses pursuant to a plea bargain. The plea bargain included a provision that the State would abandon a charge that the Petitioner used a child in the commission of the offense. During the course of the guilty plea colloquy, the state trial court admonished the Petitioner and it appeared to the court that he was mentally competent, that he made the plea freely and voluntarily, and that he was aware of the consequences of his plea. Indeed, the Petitioner asserted that he was mentally competent and that his guilty pleas were knowingly, freely and voluntarily entered. The documents signed by the Petitioner included a provision advising him that the offenses were second degree felonies with a possible term of imprisonment of not more than 20 years nor less than 2 years. He was clearly aware of the possible maximum sentence. The Fifth Circuit has held that "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)). The Petitioner has not overcome the strong presumption of verity in his case. The Court concludes that his guilty pleas were entered knowingly and voluntarily, thus the Petitioner waived all nonjurisdictional deprivations that occurred prior to the entry of the guilty pleas.

Thus we return to the two grounds for relief that were exhausted. The Petitioner alleged in the first ground for relief that the inclusion of the drug free zone enhancement was an Eighth Amendment violation because it delayed his eligibility for parole. The Director persuasively argued that the claim lacks merit. First of all, because the Petitioner voluntarily pled "true" to the drug free zone enhancement, he waived the claim. *See Long v. McCotter*, 792 F.2d 1338, 1342 (5th Cir.

5

1986).  Secondly, the claim lacks merit because Texas prisoners do not have a protected liberty interest in parole.  *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854 (1981); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991).  Texas law does not create a liberty interest in parole that is protected by the Due Process Clause, and Texas prisoners have no constitutional expectancy of release on parole.  *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995).  A prisoner may not obtain federal habeas corpus relief in the absence of the deprivation of a right secured by the Constitution or federal law.  *Orellana*, 65 F.3d at 31.  Due to the absence of a federally protected right, the Petitioner may not obtain relief based on his first ground for relief.

The Petitioner's second ground for relief challenges the sufficiency of the evidence. However, his challenge to the sufficiency of the evidence is foreclosed by his guilty plea.  *Kelley v. Alabama*, 636 F.3d 1082, 1083-84 (5th Cir. 1981).  The Petitioner may not obtain relief based on his second ground for relief.

The first and second grounds for relief should be denied for the additional reason that the Petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002).

In conclusion, the petition for a writ of habeas corpus should be denied and the case should be dismissed with prejudice.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although the Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua*

*sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

## Recommendation

It is accordingly recommended that the petition for a writ of habeas corpus be denied and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 9th day of November, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE